**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FREDERICK S. MECHANIK,
         Appellant,

     v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
DE-0752-20-0177-I-1

DATE: November 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Southworth, Esquire, and Ianna Richardson, Esquire, Atlanta,
   Georgia, for the appellant.

Stephen Coutant, Honolulu, Hawaii, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. On petition for review, he challenges the administrative judge's findings on the merits of the charge and on certain of the appellant's affirmative defenses. Generally, we grant petitions such as this one

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the legal standards applicable to the appellant's claims of reprisal for protected equal employment opportunity (EEO) activity and discrimination, and to address the appellant's claim that he was perceived as a whistleblower, we AFFIRM the initial decision.

## BACKGROUND

The agency removed the appellant from his Podiatrist position based on a charge of delay in patient care. Initial Appeal File (IAF), Tab 8 at 10-14. In addition to disputing the charge, the appellant alleged that the agency's action was due to religious discrimination, as well as retaliation for his prior EEO activity and protected whistleblowing disclosures. IAF, Tab 34. Following the requested hearing, the administrative judge issued an initial decision in which he sustained the charge. IAF, Tab 43, Initial Decision (ID) at 10-14. He also found that the appellant did not prove any of his affirmative defenses. ID at 16-18, 21-28. Finally, the administrative judge found that the agency established a nexus between the sustained charge and the efficiency of the service, ID at 28, and that

removal was a reasonable penalty, ID at 28-32. Accordingly, he affirmed the agency action. ID at 1, 32.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

In his petition for review, the appellant disagrees with the administrative judge's findings on the merits of the charge but does not explain why those findings are incorrect or otherwise establish error. PFR File, Tab 1 at 5-7. The Board has held that when, as here, the administrative judge thoroughly addressed the issues, the appellant's mere disagreement with the initial decision does not provide a basis for granting the petition for review.[2] *Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's conclusions when the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

The appellant did not prove his claim of retaliation for EEO activity.

The administrative judge considered the appellant's claim that he was retaliated against because he sought EEO counseling. During counseling, the appellant claimed that his supervisor subjected him to a hostile work environment[3] based on his religion and sex. IAF, Tab 1 at 14-15. The administrative judge found that the appellant participated in protected activity of

---

[2] Among other things, the appellant argues on review that the administrative judge misconstrued the charge by not requiring the agency to prove actual harm to the patient. PFR File, Tab 1 at 5-6. Nothing in the charge required the agency to prove actual harm to the patient. IAF, Tab 8 at 10-14. We also discern no error in the administrative judge's decision to credit the testimony of the Chief of Surgery, and nothing required the administrative judge to qualify her as an expert witness. ID at 10. Finally, we discern no error in the administrative judge's decision to credit the appellant's initial written statements admitting that he should have evaluated the patient over the appellant's hearing testimony in which he backed away from those prior statements. ID at 13-14.

which the proposing and deciding officials were aware but that the appellant failed to show that his EEO activity was a factor in the agency's decision to remove him. ID at 17-18. In this regard, the administrative judge found that the appellant's supervisor was neither the proposing nor the deciding official, that there was no evidence of any animus on the part of either of those officials, that both denied that the appellant's EEO activity had any bearing on their respective decisions, and that there was also no evidence of any comparator employees. ID at 17-18.

The appellant contends on review that the proposing official set him up by not fairly investigating the situation; that the deciding official sustained the charge, even though he knew of the protected activity; and that there was "no actual or proximate causation" from his actions that led to a delay in the patient's care. PFR File, Tab 1 at 7. These claims fall well short of establishing that retaliation was a motivating factor in the appellant's removal.[4] *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 30-31. On review, the appellant argues that the administrative judge erred by failing to apply *Babb v. Wilkie*, 589 U.S. 399 (2020), which, he claims, "would require reversal if there was any tainting." PFR File, Tab 1 at 7. On the contrary, the administrative judge's analysis of this claim comports with the Supreme Court's decision in *Babb* and the Board's decision in *Pridgen*. ID at 14-18. Because the administrative judge found, and we agree, that the appellant failed to prove that retaliation for his EEO activity played any part in the agency's decision, he

---

[3] According to the appellant, his supervisor changed the on-call protocol for weekends and scheduled the appellant to work more holidays, required him to write an excessive amount of memoranda, denied him an assistant, charged him as absent without leave, issued him a reprimand, and ordered him to remove a cartoon he had taped to the back of his door. IAF, Tab 1 at 14-15.

[4] The administrative judge relied on *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 41 (2015), in addressing this claim. ID at 14-18. After the issuance of the initial decision, the Board clarified the applicable standards in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.

necessarily failed to meet the more stringent "but-for" standard.[5]  *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31; *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 32; ID at 17-18.

The appellant did not establish his claim of whistleblower retaliation.

The administrative judge considered the appellant's claim that he made three protected disclosures:  (1) sending an email to the proposing official stating that, on two specific occasions, he was denied a medical assistant and/or tech support; (2) complaining to several non-commissioned officers regarding certain enlisted personnel and their poor performance as medical technicians; and (3) disclosing to "Dr. R." that the appellant had not been placed on an alternate work schedule, despite Dr. R. and the appellant's supervisor having approved him for it.  ID at 21.  As to the first alleged disclosure, the administrative judge found that it was not protected and that, at best, it disclosed only de minimis wrongdoing.  ID at 21-23.  As to the second alleged disclosure, the administrative judge found that, because the complaints were too vague, they were not protected, but that, even if they were, the appellant did not show that they were a contributing factor in the agency's decision to remove him.   ID at 23-27.  Regarding the third alleged disclosure, after noting that the appellant had not testified as to this matter, the administrative judge found that the allegation was too vague and a reasonable person in the appellant's position would not have believed that it was protected.  ID at 25.

Regarding the first alleged protected disclosure, the appellant argues on review that he reasonably believed that arbitrarily denying him a medical

---

[5] The appellant does not challenge on review the administrative judge's finding that the appellant failed to prove his allegation of discrimination based on religion.  PFR File, Tab 1.   Based on our review, we discern no basis upon which to disturb the administrative judge's well-supported finding that the appellant did not establish that his religion was a motivating factor in his removal.  *Pridgen*, 2022 MSPB 31, ¶¶ 20-21; ID at 16.  As with the appellant's claim of retaliation for protected EEO activity, the administrative judge's analysis of the appellant's claim of religious discrimination comports with *Babb* and *Pridgen*.

assistant reflected an abuse of authority by his supervisor, pointing out that there is no de minimis requirement for claims of an abuse of authority, PFR File, Tab 1 at 8, and that he also reasonably believed that the disclosure evidenced a substantial and specific danger to public health and safety, *id.* at 9. A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the action of the Government evidences a category of wrongdoing, here, an abuse of authority or a substantial or a specific danger to public health or safety. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

An abuse of authority is an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons and, in fact, there is no de minimis standard. *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011). Notwithstanding this definition, we agree with the administrative judge that the appellant did not show that he reasonably believed, or that a disinterested observer would believe, that his supervisor abused his authority by denying the appellant an assistant on two instances. Rather, the appellant's email reflected his opinion that providing him an assistant would have improved the quality of patient care and indicated that he had declined an opportunity to speak with a supervisor to obtain more information about the reasons for the decision. IAF, Tab 32 at 40-41; *see e.g., Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 10 n.3 (2015) (finding that the appellant's disclosure expressing his view concerning the best way to restructure an agency department was not protected as evidencing an abuse of authority because it constituted his disagreement with a debatable management decision).

Regarding the appellant's claim that this disclosure also reflected a danger to public health or safety, the following three considerations are relevant in determining whether a disclosure evidences a substantial and specific danger to public health or safety: (1) the likelihood of harm resulting from the danger;

(2) when the alleged harm may occur; and (3) the nature of the harm, i.e., the potential consequences. *Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010). Despite the appellant's stated belief that denying him a medical assistant on two occasions "puts all parties including the patient, myself, the entire clinic and the Hospital in jeopardy," IAF, Tab 32 at 40, he has not shown by his unsupported claim that a disinterested observer would perceive that denying him an assistant on two occasions would result in a substantial and specific danger to public health or safety.[6]

As to the second alleged protected disclosure, the appellant argues on review that he testified that he also shared with the proposing official his concerns regarding the poor performance of certain enlisted personnel, and that the proposing official influenced the deciding official, allowing for an "inference of causation." PFR File, Tab 1 at 9. As noted, the administrative judge found that, even if the appellant's disclosure was a claimed violation of the Health Insurance Portability and Accountability Act (HIPAA) by the enlisted personnel due to their failure to close computer screens after entering information, the appellant did not establish that the disclosure was a contributing factor in the agency's decision to remove the appellant. ID at 26-27.

As the administrative judge correctly found, an employee can establish the contributing factor part of his burden by showing that the official who took the action had knowledge of the disclosure and that the personnel action occurred

---

[6] Regarding this alleged protected disclosure, the appellant states on review that "[a]t a minimum, [he] was perceived as a whistleblower in this area." PFR File, Tab 1 at 9. He raised the issue below, but with no further explanation, IAF, Tab 32 at 5, and the administrative judge did not address it in the initial decision. To show that the appellant was perceived as a whistleblower, he must show that an agency official involved in his removal believed that he made or intended to make a disclosure that evidenced the type of wrongdoing listed in 5 U.S.C. § 2302(b)(8). *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 8 (2011). To the extent the administrative judge erred in this regard, the appellant has not shown by this bare claim that his substantive rights were thereby prejudiced. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action (the knowledge/timing test). *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011); ID at 25-26. Here, the administrative judge found that there was no evidence that the deciding official had actual knowledge of this disclosure. The deciding official testified that, although the appellant did share with her certain problems he was encountering with the support staff, she did not recall him raising any concerns regarding the actions of enlisted personnel. Hearing Recording (HR) (testimony of the deciding official); ID at 27. Given this testimony, and the fact that the appellant did not show or even allege that he brought this information directly to the deciding official's attention, HR (testimony of the appellant), we find no error in the administrative judge's conclusion that the appellant failed to show that the deciding official had actual knowledge of the disclosure.

The administrative judge further correctly found that the knowledge portion of the knowledge/timing test can be satisfied by showing that an individual with actual knowledge of the disclosure influenced the individual accused of taking the retaliatory action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012); ID at 26. Here, the administrative judge considered the appellant's claim that he made this disclosure to the proposing official, who then influenced the deciding official. However, while the administrative judge found that the appellant made a number of specific complaints to the proposing official about the enlisted personnel, the proposing official was not questioned during the hearing about the appellant raising with her any alleged HIPAA violations that those personnel may have committed. HR (testimony of the proposing official); ID at 27. The administrative judge concluded, and we agree, that because the appellant did not establish that the proposing official was aware of this disclosure, no finding could be made that the deciding official was constructively aware of it through the proposing official. ID at 27.

The administrative judge also correctly found that, when the knowledge/timing test is not satisfied, it is necessary to consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the action, whether the whistleblowing was personally directed at the official taking the action, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney*, 117 M.S.P.R. 480 ¶ 15; ID at 26. The administrative judge did not, however, consider any such evidence. Because the record is complete, we do so here. The reasons for the appellant's removal are strong, given the supporting testimonial and documentary evidence, as well as the appellant's contemporaneous admissions of wrongdoing, which the administrative judge credited. The appellant's disclosure implicated the non-commissioned officers who supervised the enlisted personnel, not the proposing or the deciding official. The appellant has not shown or even alleged that those officials had a motive to retaliate against him or that they influenced in any way the personnel action at issue. Therefore, after considering these other factors, we agree with the administrative judge that the appellant has not established that his protected disclosure was a contributing factor in his removal.[7]

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[7] The appellant has not challenged on review the administrative judge's finding that the appellant's third disclosure, his reporting that he was not placed on an alternative work schedule after having been approved for it, was not protected. PFR File, Tab 1; ID at 5. We discern no basis upon which to disturb this finding.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.